UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SUNGWON SHIN,<br><br>               Petitioner,<br>v.<br><br>RALPH DIAZ, Secretary of the<br>California Department of Corrections<br>and Rehabilitation (CDCR)<br><br>               Respondent, | Case No. 8:19- cv-2309 |

**PETITION FOR WRIT OF HABEAS CORPUS**
**BY A PERSON IN STATE CUSTODY**
**(28 U.S.C. 2254)**

> BY:   PATRICK MORGAN FORD (SBN 114393)
>          Law Office of Patrick Morgan Ford
>          1901 First Avenue, Suite 400
>          San Diego, CA 92101
>
>          (619) 236-0679
>          Attorney for Petitioner
>          TOM SUNGWON SHIN

1. Name and location of court that entered the judgment of conviction under attack:

   Superior Court of Orange County, San Diego, California.

2. Date of judgement of conviction:

   May 30th, 2018

3. Trial court case number of the judgment of conviction being challenged:

   No. 18CF0488

4. Length of sentence:

   Three years in state prison.

5. Sentence start date and projected release date:

   Petitioner on bail pending appeal, execution of sentence not yet commenced.

6. Offenses for which [petitioner] was convicted or pleaded guilty to:

   One count of pimping (Penal Code §266h(a)).

7. What was your plea?

   (a) Not guilty      X
   (b) Guilty          _
   (c) Nolo contendre  _

8. If [petitioner] pleaded not guilty, what kind of trial [was] had?

   (a) Jury            X
   (b) Judge only      _

9. Did [petitioner] testify at trial?

   _ Yes  X No

## DIRECT APPEAL

10. Did [petitioner] appeal from the judgment of conviction in the **California Court of Appeal**?

     X  Yes         _ No

11. If [petitioner] appealed in the **California Court of Appeal** answer the following:

    (a) Result:

    Judgment of conviction affirmed.

    (b) Date of result, case number and citation, if known:

    August 28, 2019; Case No. G056674.

    (c) Grounds raised on direct appeal:

    i. The court erred in allowing the jury to consider so-called other acts of prostitution;

    ii. The court violated defendant's right to a fair trial and due process by expanding the charge.

    iii. The trial court abus[ed] it's discretion in not ordering Charlie Do to testify or grant him immunity.

    iv. The trial court erred in refusing the allow the defense to obtain a handwriting exemplar or a signature card from Charlie Do.

    v. The trial court erred in not allowing the defense to present the recorded and transcribed statement of Charlie Do.

    vi. The trial court erred in not providing instructions, definitions and distinctions between advertising and solicitation.

    vii. Isolated acts of misconduct justify a new trial.

viii. The evidence is insufficient as a matter of law.

12. If [petitioner] sought direct review of the decision on appeal by the **California Supreme Court** (e.g. a Petition for Review), please answer the following:

(a) Result: Petition for review denied.

(b) Date of result, case number and citation, if known: November 13th, 2019; Case No. S258315.

(c) Grounds raised:

i. Is the First Amendment (free speech) violated when the state prosecutes an agent of a massage parlor for pimping in violation of Penal Code §266h(a) where the agent places advertisements for the massage parlor on the Internet?

ii. Is the submission of advertising on the Internet to promote a massage parlor protected by the First Amendment?

iii. May an agent for a massage parlor that advertises its availability be convicted of pimping where there is no reference to sexual activity of any kind in the advertisement and where the advertisements are prepared by the massage parlor?

iv. For the purposes of determining whether advertising can be deemed pimping in violation of Penal Code §266h(a), may a the Court equate advertising with solicitation?

v. May a prosecutor in a pimping case deliberately limit the charges to living off the earnings of a prostitute and later at trial, add the crime of soliciting prostitution for money, in order to confuse the jury?

vi. Is a defendant's right to due process violated when the court refuses to immunize a defense witness who refuses to testify based on the Fifth Amendment?

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

Not applicable.

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Superior Court?**

    \_\_ Yes  X  No

15. If the answer to #[14] was "Yes," give the following information:

    Name of Court:

16. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal?**

    X Yes  \_\_ No

17. If your answer to #[16] was "Yes," give the following information:

    Petition for Rehearing of direct appeal.

18. Other than a direct appeal from the judgment of conviction and sentence, [has petitioner] previously filed any petitions, applications, motions, (e.g., a Petition for writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court?**

    \_ Yes  X No

19. If your answer to #[18] was "Yes," give the following information:

20. If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court** containing the grounds raised in this federal Petition, explain briefly why you did not:

Not applicable.

## COLLATERAL REVIEW IN THE FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

    x Yes   _ No

## GROUNDS FOR RELIEF

22.  The trial court violated petitioner's due process rights by instructing with alternative theories of pimping where the prosecution alleged only one theory, both sides addressed that single theory during trial and then the court allowed the prosecutor to argue the alternative theory without giving notice to the defense.

    Supporting Facts: Petitioner was an advertiser who ran online ads for several businesses including a "massage parlor". He was aware the employees occasionally offered hand sex to patrons but he played no part in the business and received $1000 per month for his services. He was charged with pimping under Penal Code §266h(a) which applies in two situations, (a) where a person receives financial support from prostitution or, (b) where a person solicits prostitution. The case was charged and tried under the first theory but the court instructed on both theories and allowed the prosecution to argue liability under the second theory.

    Did you raise [these] ground[s] in the **California Supreme Court?**

    x Yes.   _ No

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

    _Yes   x No

24. If you answer to #23 is "Yes," give the following information:

    Not applicable.

25. <u>Give the name and address, if known, of each attorney who represented In the following stages of the judgment attached herein</u>:

(a) <u>At the preliminary hearing</u>:

    Roger Diamond, Attorney at Law
    1717 Fourth Street, Third Floor
    Santa Monica, CA 90401

(b) <u>At arraignment and plea</u>:

    Roger Diamond

(c) <u>At trial</u>:

    Roger Diamond

(d) <u>At sentencing</u>:

    Roger Diamond

(e) <u>On appeal</u>:

    Roger Diamond

(f) <u>In any post-conviction proceeding</u>:

    This proceeding:

    Patrick Morgan Ford

(g) <u>On appeal from any adverse ruling in a post-conviction proceeding</u>:

    Not applicable.

26. <u>Were you sentenced on more than one count of an indictment, or more than one indictment in the same court and at the same time</u>?

    _ Yes   X  No

27. <u>Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack</u>?

    _ Yes   x No.

28. <u>Date you are mailing (or handing to a correctional officer) this Petition to this court</u>:

    Petition filed by counsel.

WHEREFORE, Petitioner prays that the Court grant Petitioner relief to which he

may be entitled in this proceeding.

Dated: November 29th, 2019.

s/Patrick Morgan Ford<br>PATRICK MORGAN FORD<br>Attorney for Petitioner<br>TOM SUNGWON SHIN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 29th, 2019.

s/Patrick Morgan Ford<br>PATRICK MORGAN FORD,